# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **WILLIAM O. SPIVEY II, #K-81482,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 13-cv-0276-MJR** |
| | ) | |
| **C.O. SMITH and** | ) | |
| **C.O. LINDENBERG,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

This matter is before the Court on a motion for leave to proceed *in forma pauperis* ("IFP") brought by Plaintiff (Doc. 2).  Plaintiff, an inmate at Menard Correctional Center ("Menard"), seeks leave to proceed IFP in this case without prepayment of the Court's usual $350.00 filing fee in a civil case.  *See* 28 U.S.C. § 1914(a).  Plaintiff also seeks leave to proceed IFP in four other lawsuits he recently filed in this Court.[1]

Pursuant to 28 U.S.C. § 1915, a federal court may permit a prisoner who is indigent to bring a "suit, action or proceeding, civil or criminal," without prepayment of fees upon presentation of an affidavit stating the prisoner's assets together with "the nature of the action . . . and affiant's belief that the person is entitled to redress."  28 U.S.C. § 1915(a)(1).  In the case of civil actions, a prisoner's affidavit of indigence must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the

---

[1] These cases are *Spivey v. Horner*, Case No. 13-cv-196 (S.D. Ill., filed Feb. 27, 2013), *Spivey II v. Harrington, et al.*, Case No. 13-cv-244 (S.D. Ill., filed Mar. 13, 2013), *Spivey II v. Nwaobasi, et al.*, Case No. 13-cv-245 (S.D. Ill., filed Mar. 13, 2013), and *Spivey v. Hudson, et al.*, Case No. 13-cv-292 (S.D. Ill, filed Mar. 20, 2013).

appropriate official of each prison at which the prisoner is or was confined."   28 U.S.C. § 1915(a)(2).  Plaintiff's affidavit meets these basic requirements.

However, Plaintiff's IFP motion fails on its merits.   According to 28 U.S.C. § 1915, a prisoner may not bring a civil action or appeal a civil judgment "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  Section 1915(g) requires that this Court consider prisoner actions dismissed prior to, as well as after, the PLRA's enactment. *See Evans v. I.D.O.C.*, 150 F.3d 810, 811 (7th Cir. 1998); *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996).

Plaintiff has had more than three prior prisoner actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See Spivey v. Walker, et al.*, Case No. 10-cv-727-JPG (S.D. Ill., dismissed for failure to state a claim upon which relief may be granted, March 7, 2011); *Spivey v. Davis, et al.*, Case No. 10-cv-893-JPG (S.D. Ill., dismissed for failure to state a claim upon which relief may be granted, March 10, 2011); and *Spivey v. Dean, et al.*, Case No. 10-cv-925-JPG (S.D. Ill., dismissed for failure to state a claim upon which relief may be granted, March 29, 2011).  Because Plaintiff has accumulated at least three "strikes" for purposes of Section 1915(g), he may not proceed IFP in this or any other pending case in federal court unless he is in imminent danger of serious physical injury.

Plaintiff has not satisfied this requirement.  The United States Court of Appeals for the Seventh Circuit has explained that "imminent danger" requires a "real and proximate"

threat or prison condition.  *See Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003).

Allegations of past harm are not sufficient to state imminent danger; "the harm must be

imminent or occurring at the time the complaint is filed."  *Id.*  A plaintiff has not sufficiently

alleged imminent danger where he states a past injury that has not recurred.  *Id.*  "By using the

term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three

strikes' rule to ***prevent impending harms***, not those harms that had already occurred."  *Abdul-

Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001) (emphasis added).  Additionally, courts

"deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or

ridiculous."  *Ciarpaglini*, 352 F.3d 328, 331 (7th Cir. 2003) (citing *Heimermann v. Litscher*, 337

F.3d 781, 782 (7th Cir. 2003)).

 Plaintiff's claims of imminent danger are largely conclusory in nature.  In his IFP

motion, Plaintiff states, without further explanation, "I am filing this [c]laim under the Imminent

Danger Clause" (Doc. 2, p. 1).  In his complaint, Plaintiff indicates that the defendants, who are

guards at Menard, or their friends, will attempt to attack Plaintiff in retaliation for filing this

lawsuit (Doc. 1, p. 1).  Plaintiff provides no further details regarding any impending injury or

threat of harm.  These assertions, without more, do not support a finding by this Court that

Plaintiff is in imminent danger of serious physical injury.

 Turning to the body of Plaintiff's complaint, Plaintiff alleges that the defendants

each hit Plaintiff on one prior occasion (Doc. 1, p. 5).  On June 10, 2011, Defendant Smith hit

Plaintiff in the face twice, after threatening to "beat" him because of his sexual orientation earlier

the same day.  Plaintiff does not allege that he was physically injured as a result of this incident.

On January 6, 2012, Defendant Lindenberg hit Plaintiff in the head four times, leaving a small

abrasion on the right side of his forehead, after threatening to "beat" him because of his sexual

orientation and religion earlier the same day.  These incidents occurred more than a year ago, and Plaintiff does not allege that they recurred (Doc. 1, p. 5).  Accordingly, the allegations do not support a finding by this Court that, at the time of filing his complaint, Plaintiff was in imminent danger of serious physical injury within the meaning set forth in 28 U.S.C. § 1915(g).  The Court concludes that Plaintiff has not shown that he is under imminent danger of serious physical injury so as to escape the "three-strikes" rule of Section 1915(g).  He cannot proceed IFP in this case.

It does not escape the Court's attention that Plaintiff is a frequent litigator who has racked up substantial unpaid filing fees.  Plaintiff has filed twenty prisoner lawsuits in this Court since September 2010.[2]  Each time, he incurred a $350 filing fee.  Plaintiff has also filed one appeal, incurring an additional $455 filing fee.[3]  Plaintiff has failed to pay any of these fees.  Plaintiff's unpaid filing fees with this Court currently total $7,455.

It also does not escape this Court's attention that Plaintiff filed a majority of these prisoner complaints *after* he accumulated three "strikes," which prevent him from filing future IFP actions unless he can establish that he "is under imminent danger of serious physical

---

[2] These cases include *Spivey v. McLafferty, et al.*, Case No. 10-cv-984 (S.D. Ill., filed Dec. 6, 2010), *Spivey v. Bradley, et al.*, Case No. 10-cv-1037 (S.D. Ill., filed Dec. 22, 2010), *Spivey v. Randle, et al.*, Case No. 10-cv-688 (S.D. Ill., filed Sep. 7, 2010), *Spivey v. Peters, et al.*, Case No. 10-cv-689 (S.D. Ill., filed Sep. 8, 2010), *Spivey v. Walker, et al.*, Case No. 10-cv-727 (S.D. Ill., filed Sep. 21, 2010), *Spivey v. C/O Marchard, et al.*, Case No. 10-cv-816 (S.D. Ill., filed Oct. 18, 2010), *Spivey v. Davis, et al.*, Case No. 10-cv-893 (S.D. Ill., filed Nov. 8, 2010), *Spivey v. Dean, et al.*, Case No. 10-cv-925 (S.D. Ill., filed Nov. 16, 2010), *Spivey v. Furlow, et al.*, Case No. 11-cv-99 (S.D. Ill., filed Feb. 4, 2011), *Spivey v. Taylor*, Case No. 11-cv-326 (S.D. Ill., filed Apr. 20, 2011), *Spivey v. Love, et al.*, Case No. 11-cv-327 (S.D. Ill., filed Apr. 20, 2011), *Spivey v. Schwartzlander, et al.*, Case No. 11-cv-328 (S.D. Ill., filed Apr. 20, 2011), *Spivey v. Lt. Chapman, et al.*, Case No. 11-cv-329 (S.D. Ill., filed Apr. 20, 2011), *Spivey v. Fallert*, Case No. 11-cv-330 (S.D. Ill., filed Apr. 20, 2011), *Spivey II v. Hudson, et al.*, Case No. 12-cv-134 (S.D. Ill., filed Feb. 15, 2012), *Spivey v. Horner*, Case No. 13-cv-196 (S.D. Ill., filed Feb. 27, 2013), *Spivey II v. Harrington, et al.*, Case No. 13-cv-244 (S.D. Ill., Mar. 13, 2013), *Spivey II v. Nwaobasi, et al.*, Case No. 13-cv-245 (S.D. Ill., Mar. 13, 2013), *Spivey II v. Smith, et al.*, Case No. 13-cv-276 (S.D. Ill., filed Mar. 13, 2013), and *Spivey v. Hudson, et al.*, Case No. 13-cv-292 (S.D. Ill, filed Mar. 20, 2013).
[3] *See Spivey v. Furlow, et al.*, Case No. 12-2646 (7th Cir. 2012).

injury."[4]  Time and again, Plaintiff has failed to meet this standard, offering conclusory and/or ridiculous arguments to support his frivolous claims of imminent danger.  The Court will not tolerate this waste of judicial resources.

It is hereby **ORDERED** that Plaintiff's motion for leave to proceed IFP in this case (Doc. 2) is **DENIED**.

Plaintiff is hereby **ORDERED TO SHOW CAUSE** why this Court should not restrict Plaintiff from filing any further actions in this Court until such time as Plaintiff pays the $350 filing fee for this action and the outstanding $7,105 owed for his previously filed and/or other pending actions in full.  *See Newlin v. Helman*, 123 F.3d 429, 437 (7th Cir. 1997) (citing *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995)) ("A prisoner who becomes ineligible under § 1915(g) to continue litigating *in forma pauperis*, and who then files additional suits or appeals yet does not pay the necessary fees, loses the ability to file future civil suits."), *overruled on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000); *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999) ("[U]npaid docket fees incurred by litigants subject to § 1915(g) lead straight to an order forbidding further litigation.").

Tender by Plaintiff of the full $7,455 in outstanding fees for these actions to the Clerk of the Court on or before May 17, 2013, shall be deemed by the Court to discharge Plaintiff's duty to show cause under this order.  Further, unless full payment of Plaintiff's outstanding fees is received by this deadline, the instant case shall be dismissed with prejudice.

---

[4] Plaintiff filed eleven lawsuits in this Court after "striking out," including *Spivey v. Taylor*, Case No. 11-cv-326 (S.D. Ill., filed Apr. 20, 2011), *Spivey v. Love, et al.*, Case No. 11-cv-327 (S.D. Ill., filed Apr. 20, 2011), *Spivey v. Schwartzlander, et al.*, Case No. 11-cv-328 (S.D. Ill., filed Apr. 20, 2011), *Spivey v. Lt. Chapman, et al.*, Case No. 11-cv-329 (S.D. Ill., filed Apr. 20, 2011), *Spivey v. Fallert*, Case No. 11-cv-330 (S.D. Ill., filed Apr. 20, 2011), *Spivey II v. Hudson, et al.*, Case No. 12-cv-134 (S.D. Ill., filed Feb. 15, 2012), *Spivey v. Horner*, Case No. 13-cv-196 (S.D. Ill., filed Feb. 27, 2013), *Spivey II v. Harrington, et al.*, Case No. 13-cv-244 (S.D. Ill., Mar. 13, 2013), *Spivey II v. Nwaobasi, et al.*, Case No. 13-cv-245 (S.D. Ill., Mar. 13, 2013), *Spivey II v. Smith, et al.*, Case No. 13-cv-276 (S.D. Ill., filed Mar. 13, 2013), and *Spivey v. Hudson, et al.*, Case No. 13-cv-292 (S.D. Ill, filed Mar. 20, 2013).

Finally, Plaintiff is **FURTHER ADVISED** that he is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his address, and that the Court will not independently investigate his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents, and may result in a dismissal of this action for want of prosecution.

**IT IS SO ORDERED.**

**DATED:  April 2, 2013**

s/ MICHAEL J. REAGAN
**U.S. District Judge**

6